**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30493
Summary Calendar

MICHAEL GILBERT,

Plaintiff,

VERSUS

OFFSHORE PRODUCTION AND SALVAGE INC., ET AL,

Defendants,

BOAT SERVICE OF GALVESTON, INC., BUCCANEER INC. MV,

Defendants-Third Party Plaintiffs-Appellees,

VERSUS

HTK CONSULTANTS, INC.,
Third Party Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-122-A)
December 11, 1997

Before REYNALDO G. GARZA, STEWART, and PARKER, CIRCUIT JUDGES

PER CURIAM:[*]

The case before us is an appeal from a final judgment of the
United States District Court for the Eastern District of
Louisiana, Judge Charles Schwartz, Jr., presiding. Upon review of
the briefs, pleadings, and record on file, we find that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's findings of fact and conclusions of law are not clearly erroneous and we do not disagree with its interpretation of the terms of the contract at issue in this case. The district court, in a thorough and well-written decision, *Gilbert v. Offshore Production and Salvage Inc*., *et al*, 1997 WL 149959 (E.D.La.), correctly held that federal maritime law governs the contract at issue. The district court also held that Louisiana state law is not applicable in this case through the operation of the Outer Continental Shelf Lands Act ("OCSLA"), that indemnity is not barred by operation of the Longshore and Harbor Workers Compensation Act ("LHWCA"), and that the indemnity provisions of the contract are both valid and enforceable. We agree with the district court on the above issues and we agree that the settlement agreement for the claims in question was reasonable.

We therefore AFFIRM the decision of the district court.

AFFIRMED.